## SWEET *vs.* LAWRENCE.

The 3d section of the act of April 15, 1858, providing for the registry of liens and incumbrances upon boats &c. navigating the canals, was not intended to disturb existing liens entered and preserved in pursuance of the previous statute.

Hence, the filing in the office of the auditor of the canal department, of a statement of a second mortgage, will not give such mortgage a preference over a prior mortgage filed in the proper town clerk's office, but of which no statement has been filed in the auditor's office as authorized by the 1st section of that act.

The priority of a mortgage upon a boat, which has been filed in the proper town clerk's office, will not be lost by the neglect of the mortgagee to file in the office of the auditor the statement provided for in the 1st section of the act of April 15, 1858.

APPEAL from a judgment entered on the report of a referee. The case was this: On the 23d of February, 1859, William Welch sold to Leroy Smith the canal boat "William Foote," of Dansville, and to secure $400 of the purchase money, Smith, who then resided in Wethersfield, Wyoming county, executed and delivered to Welch a chattel mortgage upon the said boat, dated on that day, conditioned for the payment of the said sum of $400, at the times therein mentioned and specified, viz. $100 on the 1st day of July, 1859, $100 on the 1st day of January, 1860, and $200 on the 1st day of January, 1861, all bearing interest after the 1st of May, 1859, according to the provisions of three promissory notes made and executed by Smith to Welch. The mortgage contained a provision that if the mortgagor or any other person should attempt to sell, assign, secrete, remove or otherwise dispose of the property, then it should be lawful for the mortgagee, his executors, admininistrators or assigns to take immediate possession of the property and keep the same until default in payment, and then to sell the same, &c. Which mortgage was, on the 26th of February, 1859, filed and entered in the office of the town clerk of the town of Wethersfield. There was, at the time of the trial, unpaid on said mortgage the sum of $300 and interest. After the

filing of said mortgage and prior to July 30th, 1859, Smith, the mortgagor, sold and delivered the boat in question to Benjamin Marvin and George Crowley, who on the said 30th of July executed and delivered to the defendant a mortgage upon the boat and other personal property, to secure a debt due from them to the defendant of $95. This mortgage contained a provision that in case the mortgagee should at any time deem it necessary for his own security or think himself unsafe, it should be lawful for him to take possession of the property mortgaged, and to sell the same, &c. After the date of the last mentioned mortgage, and about September 1st, 1859, the defendant took the boat in question into his possession, and about the 15th of September thereafter the plaintiff, having become the assignee and owner of the Welch mortgage, demanded the boat of the defendant, who refused to deliver it, claiming title thereto against the plaintiff by virtue of the mortgage executed to him by Marvin and Crowley. At the time of such demand, the defendant had the boat in his possession. The plaintiff was never in possession of the boat, nor was Welch ever in possession of it after the sale thereof by Smith. When the defendant took his mortgage, he had no actual notice of the prior mortgage from Smith to Welch. The defendant, immediately after taking the mortgage from Marvin and Crowley, caused true copies thereof to be filed in the town clerk's offices of the towns where Marvin and Crowley respectively resided, and immediately afterwards caused to be filed in the office of the auditor of the canal department a statement of his mortgage, as required by and in pursuance of the act of April 15th, 1858, entitled "An act to provide for the registry of liens and incumbrances upon boats and crafts navigating the canals of this state." A statement of the Welch mortgage was never so filed. It was conceded on the trial that both mortgages were *bona fide* and in every respect regular, and the only question as to the title to said boat arises out of the neglect

Sweet *v.* Lawrence.

of Welch and the plaintiff to file a statement of the Welch mortgage in the auditor's department, as provided by said act. The plaintiff and defendant respectively gave evidence upon the question of the value of the boat, and the case was thereupon submitted to the referee, who reported in favor of the plaintiff for the value of the boat and interest, amounting to $267.50. Judgment was entered upon his report, with $80.50 costs. The present appeal is from that judgment.

*L. M. Norton,* for the appellant.

*S. Hubbard,* for the respondent.

*By the Court,* WELLES, J.    The only question for our determination is, whether the priority of the Welch morgage was lost by the neglect to file in the office of the auditor of the canal department, the statement provided for in the first section of the act entitled " An act to provide for the registry of liens and incumbrances upon boats and crafts navigating the canals of this state," passed April 15th, 1858. (*Laws of* 1858, *ch.* 247, *p.* 396.) The third section of that act declares the effect of thus filing such statement.    It is, that the claims and liens to which the statement refers shall, from the time of such filing, have preference and priority over all other claims and liens, *in the same manner and to the like extent of claims and liens arising on chattel mortgages filed and entered in towns where the mortgagor resides, but shall not have any priority over existing liens and claims.* The only change made by this statute, in the law of chattel mortgages, which I have been able to discover, is to allow a person holding a chattel mortgage upon property of the description enumerated in the first section of the act, to prevent his mortgage from ceasing to be valid as against the creditors of the person making the same, or against subsequent purchasers or mortgagees in good faith, after the expiration of one year

from the filing thereof, by filing the statement and affidavit mentioned in the first section of the act, *in the office of the auditor*, instead of producing the same result by filing a copy of the mortgage with a statement as required by the law as it existed before the passage of the act under consideration, with the clerk or register of the town or city *where the mortgagor resided* at the time of filing such copy and statement. (*Sess. Laws of* 1833, *ch.* 279, § 3. 3 *R. S.* 5th *ed. p.* 223, § 11.)

The defendant's theory and construction of the act of 1858, referred to, contemplates the filing of the statement, mentioned in the first section, in the auditor's office, as necessary to give the mortgage any priority whatever in the first instance, or when first filed according to the previous statute. This I think is a mistake; for the reason that the effect of filing the statement in the auditor's office is declared to be as above set forth, and provides, in the same connection, that it shall not have any priority over existing liens and claims. The third section distinctly recognizes the validity of liens by chattel mortgage protected and preserved by filing a copy of the mortgage and statement within the last thirty days of the year from the filing of the original mortgage, in the towns where the mortgagor resides at the time of filing the copy and statement. And it gives the filing of the statement in the auditor's office the effect of preserving a preference and priority over all other claims and liens, &c., in the same manner and to the like extent of claims and liens arising on chattel mortgages filed and entered in towns where the mortgagor resides. It does not give them any higher or better claim. It does not, in terms, nor, as it seems to me, in its scope or object, disturb liens entered and preserved in pursuance of the previous statute, but, on the contrary, in express terms guards against such a construction. The terms of the act are exceedingly loose, inartificial and obscure. But if it is not *felo de se*, if it can bear a construction so as to have any effect, it is, I am satisfied, such as I have given to it. These

views lead to an affirmance of the judgment appealed from, which I think should be our decision.

The other members of the court concurring in the foregoing views, the judgment is affirmed.

[MONROE GENERAL TERM, December 2, 1861. *Welles, Smith* and *Johnson,* Justices.]